**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAGHVENDRA SINGH; KIRAN RAWAT, | No. 18-72695 |
| Petitioners-Appellants, | Tax Ct. No. 6093-16 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted July 14, 2020**

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Raghvendra Singh and Kiran Rawat appeal pro se from the Tax Court's

decision, following a bench trial, upholding the determination of deficiency by the

Commissioner of Internal Revenue regarding their federal income taxes for the

2012 tax year. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo the Tax Court's legal conclusions, and for clear error its factual determinations. *Hongsermeier v. Comm'r*, 621 F.3d 890, 899 (9th Cir. 2010). We affirm.

The Tax Court did not clearly err in finding that Singh and Rawat were not entitled to various alleged business, mortgage interest, and real estate deductions because they failed to offer evidence that clearly showed a right to the claimed deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (noting that the taxpayer bears the burden of "clearly showing" the right to the claimed deduction); *Bradford v. Comm'r*, 796 F.2d 303, 306 (9th Cir. 1986) (taxpayers are required to substantiate the amounts expended on cost of goods).

We reject as meritless Singh and Rawat's various contentions, including that their due process rights were violated, that the IRS was required to provide them a trial transcript, that the trial judge should have entered default judgment in their favor, and that the IRS committed fraud.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**